UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC D. SMITH,                     )  | |
|                                    )  | |
|     Petitioner,                    )  | |
| v.                                 )  | No.  1:09-cv-1201-DFH-TAB |
|                                    )  | |
| JEFF WRIGLEY,                      )  | |
|                                    )  | |
|     Respondent.                    )  | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Smith, a state prisoner, seeks a writ of habeas corpus with respect to a prison disciplinary proceeding.

Smith's request to proceed *in forma pauperis* (dkt 2) is **granted.**

The petition itself, however, must be summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* The reasons for this disposition are the following:

1.   The writ Smith seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2.   The proceeding Smith challenges here is identified by him as No. WCC-02-06-0.

3.   "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Smith was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." Walpole v. Hill, 472 U.S. 445, 454 (1985).

    4.    Smith presents two challenges here.

    a.    The premise of Smith's first claim is that he is entitled to a reduction in the sanction imposed for his misconduct because, after the hearing and the imposition of the sanction in his case, the Indiana Department of Correction made the sanction for that misconduct less severe than at the time of both his misbehavior and his disciplinary hearing. He offers no support for this proposition, and the court has found none. On the contrary, even in the far more formal setting of a criminal prosecution and conviction, a sentenced defendant has no right to the benefits of an ameliorative statute. "A defendant who is sentenced prior to the effective date of a statute which contains ameliorative provisions may not take advantage of the ameliorative provisions absent specific legislative intent for retroactive application." *Rowold v. State,* 629 N.E.2d 1285, 1288 (Ind.Ct.App. 1994). The court finds no reason that a convicted inmate should receive greater benefits in a prison disciplinary proceeding, where far fewer procedural protections have been recognized. *Wolff,* 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Smith does offer the view that prison authorities have violated his right to equal protection in withholding the benefit he seeks from him but awarding it to others. He fails to allege, however, a basis supporting this contention and notice pleading does not suffice in an action for habeas corpus relief. *See Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002). No viable equal protection challenge could be mounted under these circumstances. *Washington v. Davis,* 426 U.S. 229, 247-48 (1976) (to state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class); *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.").

    b.    Smith also claims that the sanctions imposed in the challenged proceeding were excessive. The severity of the sanctions imposed does not present a cognizable claim under 28 U.S.C. § 2254(a) under the circumstances of this case. *See Townsend v. Burke,* 334 U.S. 736, 741 (1948)("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

    5.    Because it is evident from the face of Smith's petition for a writ of habeas corpus that he is not entitled to the relief he seeks, the action must be summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: October 9, 2009